[Crim. No. 11408. First Dist., Div. Three. May 1, 1973.]

In re JAMES R. RICKS on Habeas Corpus.

**COUNSEL**

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, William D. Stein, Eugene Kaster and W. Eric Collins, Deputy Attorneys General, for Appellant.

William C. Connell, Public Defender, and Donald G. Umhofer, Deputy Public Defender, for Respondent.

**OPINION**

**DRAPER, P. J.**—Respondent Ricks was paroled from Folsom prison in July 1971. He was arrested in Humboldt County on a narcotics charge in September 1972. His parole agent recommended his commitment to the Narcotic Treatment and Control Unit for treatment (Health & Saf. Code, § 11751). Relying upon *Morrissey* v. *Brewer,* 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], Ricks sought habeas corpus. The trial court agreed that *Morrissey* requires a due process hearing and ordered that Ricks not be committed to the NTCU until the hearing was held. Pursuant to the order, Ricks was released from jail. The People appeal.

■ The applicability of the two-step process required by *Morrissey* for revocation, cancellation or suspension of parole or probation has been fully recognized in California (*People* v. *Vickers,* 8 Cal.3d 451 [105 Cal. Rptr. 305, 503 P.2d 1313]; *People* v. *Nelson,* 8 Cal.3d 463 [105 Cal. Rptr. 314, 503 P.2d 1322]; *In re Prewitt,* 8 Cal.3d 470 [105 Cal.Rptr. 318, 503 P.2d 1326]). We recognize that the code section authorizing NTCU commitment provides that such commitment is not a suspension, cancellation or revocation of parole. Similarly, we note that section 11751 limits the NTCU commitment to 90 days, and that actual retention may be much briefer than this maximum period. But such a commitment is

a deprivation of the liberty which, although conditional and limited, is enjoyed by a parolee and is protected by *Morrissey*.

Respondent concedes that the second and more formal *Morrissey* hearing is not required before delivery of respondent to NTCU. He urges only that the first, or preliminary examination hearing is essential. The burden of such a hearing upon the state is minimal. As pointed out in *Morrissey*, 408 U.S. at pp. 486, 487 [33 L.Ed.2d at p. 497], it may be held before a parole officer other than the one who made the report. The parolee must be given notice of the hearing. He may be heard in his own behalf, and can produce some evidence, if available. Here, the essential issue appears to be whether he has reverted to use of narcotics. Obviously, but little time would be required to determine this limited issue.

Upon this balancing of burdens, there seems no reason to disturb the result reached by the trial court.

We need not determine at what point, if any, within the possible 90-day retention in NTCU, the second stage *Morrissey* hearing need be held. No issue as to that hearing is here presented.

The order granting the writ is affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 28, 1973. Mosk, J., was of the opinion that the petition should be granted.